...soner Civil Rights Complaint

**Use Only**

| ...umber | Judge |
|---|---|
| | |

Case: 5:15-cv-11820
Judge: O'Meara, John Corbett
MJ: Whalen, R. Steven
Filed: 05-20-2015 At 02:11 PM
PRIS NILE GUTHRIE V DAVID S. NEWMAN
. ET AL (LG)

# PRISONER CIVIL RIGHTS COMPLAINT

*This form is for use by state prisoners filing under 42 U.S.C. § 1983 and federal prisoners filing pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).*

## Plaintiff's Information

| Name # **Nile Lyndon Guthrie** | | Prisoner No. **294604** |
|---|---|---|

**Place of Confinement**
**Ojibway Correctional Facility**

| Street **N-5705 Ojibway Road** | City **Marenisco** | State **MI** | Zip Code **49947** |
|---|---|---|---|

| Are there additional plaintiffs? ☐ Yes ☒ No |
|---|

*If yes, any additional plaintiffs to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. <u>You must provide names, prisoner numbers and addresses for all plaintiffs.</u>*

## Defendant's Information

| Name **David S. Newman & Thomas M. McGinnie** | Position **Attorneys at Law** |
|---|---|

| Street/P.O. Box **7071 Orchard Lake Road** | City **West Bloomfield** | State **MI** | Zip Code **48322** |
|---|---|---|---|

| Are you suing this defendant in his/her: ☐ Personal Capacity ☐ Official Capacity ☒ Both Capacities |
|---|

| Are you suing more than one defendant? ☒ Yes ☐ No |
|---|

*If yes, any additional defendants to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. <u>You must provide their names, positions, current addresses and the capacity (personal, official or both) in which you are suing them.</u>*

III. **Parties**

A. Plaintiff(s)

Place your name in the first blank and your present address in the second blank. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff   NILE LYNDON GUTHRIE

Address   Ojibway Correctional Fac. N-5705 Ojibway Rd. Marenisco, MI. 49947

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1   DAVID S. NEWNAN P42153

Position or Title   Appellate Attorney

Place of Employment

Address   7071 Orchard Lake Rd. Suite 245 West Bloomfield, MI. 48322

Official and/or personal capacity?   Both

Name of Defendant #2   THOMAS M. McGINNIS P33419

Position or Title   Defense Attorney

Place of Employment

Address   5365 Seminole Ct. Commerce Township, MI. 48382

Official and/or personal capacity?   Both

Name of Defendant #3

Position or Title

Place of Employment

Address

Official and/or personal capacity?

Name of Defendant #4

Position or Title

Place of Employment

Address

Official and/or personal capacity?

Name of Defendant #5

Position or Title

Place of Employment

Address

Official and/or personal capacity?

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

 NILE LYNDON GUTHRIE,

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v.

 DAVIS S. NEWMAN,

 THOMAS M. McGINNIS.

(Enter above the full name of the defendant or defendants in this action.)

## COMPLAINT

I. **Previous Lawsuits**

**CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $400.00 filing fee regardless of whether your complaint is dismissed.**

A.  Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?   Yes ☐ No ☒

B.  If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

   1.  Identify the court in which the lawsuit was filed.  If it was a state court, identify the county in which the suit was filed.  If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   2.  Is the action still pending?   Yes ☐  No ☐

     a.  If your answer was no, state precisely how the action was resolved: _____

   3.  Did you appeal the decision?  Yes ☐  No ☐

   4.  Is the appeal still pending?  Yes ☐  No ☐

     a.  If not pending, what was the decision on appeal? _____

   5.  Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?  Yes ☐  No ☐

     If so, explain: _____

II. **Place of Present Confinement** ___Ojibway Correctional Facility___

If the place of present confinement is not the place you were confined when the occurrence that is subject of instant lawsuit arose, also list the place you were confined:

-1-

IV. **Statement of Claim**

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.

On July 18, 2005, Plaintiff entered into a plea aggreement(Nolo Contenre) to the charges of Criminal Sexual Conduct, with a "COBBS" agreement of 108 months, not to exceed 108 months or the bootom of the guideliness as calculated at the time of sentencing "WHICHEVER IS LOWER"

On August 22,2005, Plaintiff was sentenced to 135 months in the Michigan Dept. of Corrections. Plaintiffs Attorney Thomas M. McGinnis P33153 failed to secure the plea that was agreed upon and assessed on July 18, 2005.

On XX March 10, 2006, Plaintiff was appointed appEllate counsel David S. Newman P42153. Plaintiff advised attorney Newman at a visit in mid 2006 at the Brooks Corr. Fac. Muskegan, MI. the he wanted the sentence corrected or to withdraw his plea and proceed to trial.

On October 25, 2007 Appellate Attorney David S. Newman filed a motion to wxi withdraw as counsel stating "there were no issues of legal merit" Attorney David S. Newman failed and refused to file "any" post-conviction motion on Plaintiffs behalf, thus forfeiting Plaintiffs "absolute right to due process".

On June 25, 2013, with preserverance, Plaintiff obtained an attorney Paul M. Newcomer P44501 to represent Plaintiff in filing of a motion for RELIEF FROM JUDGEMENT pursuant to MCR 6.500.

     ***  PLEASE SEE EXHIBIT IN SUPPORT OF PLAINIFFS ASSERTION ***

Continue next page

-3-                                              (Last Revised: June 2013)

IV. **Statement of Claim**   Continued

State here the **facts** of your case.  Describe how each defendant is personally involved.  Include also the names of other persons involved, dates and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Use as much space as you need.  Attach extra sheets if necessary.

## ██ CONSTITUTIONAL VIOLATIONS ╳╳

1) Appellate Attorney David S. Newman P42153, forfeited Plaintiffs "Absolute Right to Due Process" thus, attorney Newman was ineffective as counsel.

 a) Appellate Attorney David S. Newman failed to file a motion to correct this Plaintiffs PSI the issues that were striken from the PSI and the record at the time of sentencing by╳╳ the Hon. John J. McDonanald. This severly prejudices Plaintiff with a fair Parole Hearing which may very well lead to continuance(s).

b) Complaintant/Plaintiff will serve 27 additional months of incarceration due to this attorneys ineffectivness.

2) Trial Counsel Thomas M. McGinnis P33419, failed to secure the 108 months that the COBBS plea was assessed at, thus Plaintiff will serve 27 additional months incarceration. Attorney McGinnis was ineffective as counsel.

 a) Trial Attorney Thomas M. McGinnis failed to make sure that the PSI was corrected "before" it was sent to the Michigan Dept. of Corrections, thus prejudicing Plaintiff with a fair Parole Hearing.

Plaintiff is delayed in filing this complaint because Plaintiff did not become aware of these constitutional issues until Plaintiffs current attorney Paul M. Newcomer made him so. That was February 6, 2014 when he filed the motion for RELIEF FROM JUDGEMENT.

(Last Revised: June 2013)

V. **Relief**

State briefly and precisely what you want the court to do for you.

1) ORDER Attorney David S. Newman P42153 to compensate Plaintiff for Punitive

Damages in the amount of $2,000,000 for the "due process violation"

And ORDER Attorney David S. Newman to compensate Plaintiff for Monetary

Damages $121,888 for 27 months potncail lost wages.

2) ORDER Attorney Thomas M. McGinnis P33419 to compensate Plaintiff for Punitive

Damages in the amount of $2,000,000 for the "due process violation"

And ORDER Attorney Thomas M. McGinnis to compensate Plaintiff in the amount

of $121,800 Monetary Damages for potencial lost wages.

May 12, 2015
**Date**

_Nile L. Buttrie_
**Signature of Plaintiff**

### NOTICE TO PLAINTIFF(S)

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

(Last Revised: June 2013)

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

STATE OF MICHIGAN
IN THE COURT OF APPEALS


PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

COA No.
Lower Court No. 2005-201623-FC
(Oakland County)

v.


NILE LYDON GUTHRIE,

Defendant-Appellant.

_____/

### **PROOF OF SERVICE**

The undersigned swears that he did serve a copy, with all exhibits, of Defendant-Appellant's *Delayed Application For Leave To Appeal* on counsel of record as shown by their appearances herein by via the Court E-File and Serve System:

Oakland County Prosecuting Attorney
1200 N. Telegraph Rd.
Pontiac, MI 48341
Appellatedivision@oakgov.com


_____
Paul M. Newcomer

Dated: January 29, 2015

E X H I B I T

O N E

STATE OF MICHIGAN
IN THE COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

                    Plaintiff-Appellee,

v.

NILE LYDON GUTHRIE,

                    Defendant-Appellant.

COA No.
Lower Court No. 2005-201623-FC
(Oakland County)

---

**DELAYED
APPLICATION FOR LEAVE TO APPEAL**

---

**Proof of Service**

Paul M. Newcomer (P44501)
Attorney for Defendant-Appellant
2609 Crooks Road
Suite 106
Troy, MI 48084

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

## **TABLE OF CONTENTS**

                                                                    **Page**

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

Date and Nature of the Order Appealed . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iv

Allegation of Error and Relief Sought . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   v

Statement of Basis of Jurisdiction and Delay . . . . . . . . . . . . . . . . . . . . . . . . .   vi

Statement of Questions Involved . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   vii

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Argument

   **1.    On *de novo* review it is apparent that the trial court erred
   in denying Defendant-Appellant's motion for relief from
   judgment where the record shows that Defendant-Appellant
   was denied his absolute right under *People v. Cobbs* to withdraw
   his plea, and that both good cause and prejudice are apparent
   on the record.**

                                                                        3

Conclusion and Request For Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

# INDEX OF AUTHORITIES

**PAGE**

## CASES

*People v. Houstina*, 216 Mich. App. 70 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2

*People v. Thompson*, 477 Mich. 146 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     2

*People v. Manning*, 243 Mich. App. 615 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

*People v. Honeycutt*, 163 Mich. App. 757 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

*People v. Francisco*, 747 Mich. 82 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     8
                     474

## COURT RULES

MCR 7.205 (A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     iii, iv

MCR 6.425(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1,3

## STATUTES

M.C.L.A. § 770.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     v

M.C.L.A. § 750.81 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1, 3

M.C.L.A. § 750.174 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

M.C.L.A. § 769.13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1, 3

M.C.L.A. § 750.227b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

## DATE AND NATURE OF THE ORDER APPEALED

This is an *Application For Leave To* Appeal from an *Order* denying Defendant-Appellant's *Motion For Relief From Judgment*. Defendant-Appellant's motion was submitted to the trial court on February 4, 2014, and denied by the Court by way of a written *Order* dated December 26, 2014. **Exhibit 1.** The *Judgment* in this case was entered on August 22, 2005. This application is brought pursuant to MCR 7.205(A).

iv

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

## ALLEGATIONS OF ERROR AND RELIEF SOUGHT

A plea hearing was conducted by the trial court on July 18, 2005. Defendant-Appellant's trial counsel read into the record the terms of the plea, as well as the terms of a *Cobbs* assessment that was made by the trial court (then the Hon. John J. McDonald):

> In lieu of trial, Judge, my client wishes to plead guilty, at this time, with a <u>Cobbs</u> understanding that the Court at the time of sentencing would give him 108 months – not to exceed 108 months *or the bottom of the guidelines as calculated by the Court on the day of sentencing,* ***whichever is lower***.

**Exhibit 2**, Plea Tr. 071805, at pp., 3 – 4. Plainly, it was the understanding of Defendant-Appellant and the Court that the minimum sentence to be imposed would not be greater than 108 months.

Defendant-Appellant was sentenced on August 22, 2005. The guidelines as then calculated called for a minimum sentence within the range of 135 to 450 months. **Exhibit 3**, *Sentencing Information Report,* 082205. For reasons unknown, Defendant-Appellant's trial counsel made the following representation to the Court at sentencing: "Reminding the Court that the <u>Cobbs</u> agreement was at the bottom of the guidelines." **Exhibit 4**, Sent. Tr. 082205 at p. 7. That is not an accurate recitation of the assessment that was placed on the record at the time of Defendant-Appellant's plea. The Court then imposed a minimum sentence of 135 months. **Exhibit 4**, at p. 8; **Exhibit 1**, *Amended Judgment Of Sentence*, 091505.

For his *Motion For Relief From Judgment*, Defendant-Appellant recited facts establishing both good cause (Defendant-Appellant's initial appellate counsel did not file any post-judgment motions notwithstanding the plain distinction between the trial court's *Cobbs* assessment and the sentence imposed) and prejudice (the forfeiture of Defendant-Appellant's appellate rights and the attendant procedural default as to any future federal habeas action).

v

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

The trial court nevertheless denied Defendant-Appellant's *Motion For Relief From Judgment*, stating that Defendant-Appellant had failed to establish good cause. *Order*. **Exhibit 1.**

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

## STATEMENT OF BASIS OF JURISDICTION

Defendant-Appellant brings this *Application for Leave to Appeal* pursuant to M.C.L.A. § 770.3(1)(e); M.S.A. § 28.1100, and MCR 7.205(F). The final order that is the subject of this Application is the *Judgment* of August 22, 2005. The *Order* of the trial court denying Defendant-Appellant's *Motion For Relief From Judgment* was apparently filed in the circuit court on December 26, 2014. It was not delivered to undersigned counsel of record until January 29, 2015. **Exhibit** 5 (correspondence and *Affidavit of Paul M. Newcomer*). This *Application* is filed within 21 days of receipt by undersigned counsel of the *Order* and so is timely. MCR 7.205(F).

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

## STATEMENT OF QUESTIONS INVOLVED

1.  On *de novo* review it is apparent that the trial court erred in denying Defendant-Appellant's motion for relief from judgment where the record shows that Defendant-Appellant was denied his absolute right under *People v. Cobbs* to withdraw his plea, and that both good cause and prejudice are apparent on the record.?

Defendant-Appellant answers:  "Yes."

Plaintiff-Appellee will answer:  "No."

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

## STATEMENT OF FACTS

Defendant-Appellant was convicted in this matter by way of a guilty plea which was made upon the trial court's (then the Hon. John J. McDonald) representation under *People v. Cobbs* that Defendant-Appellant's minimum sentence would not exceed 108 months. **Exhibit 2**, p. 3. However the trial court sentenced Defendant-Appellant to a minimum term of 135 months, contrary to the trial court's *Cobbs* assessment. **Exhibit 4**, p. 8.

The trial court did not afford to Defendant-Appellant an opportunity to withdraw his plea; the record of the plea proceeding shows only that Defendant-Appellant's counsel acknowledged that there had been a change in the guidelines calculations. **Exhibit 4**, p. 4.

Defendant-Appellant's first appointed appellate counsel failed and refused to file any post judgment motions or any application for leave to appeal in the Michigan Court of Appeals with the time frame set by the applicable court rules. Appointed appellate counsel's representation was constitutionally ineffective under applicable decisional law. Defendant-Appellant has therefore lost his rights to review of his conviction and sentence as a result of the ineffective assistance of his prior appointed appellate counsel.

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

## ARGUMENT

1.    **On *de novo* review it is apparent that the trial court erred in denying Defendant-Appellant's motion for resentencing where it unlawfully enhanced his maximum sentence under both the enhancement scheme for the substantive offense [domestic violence/assault third offense] and the general habitual offender statute.**

*Standard of Review.*

The de novo standard is applied in construing constitutional provisions, court rules, and statutes. *People v. Houstina*, 216 Mich. App. 70 (1996). At issue is the circuit's court's construction of the good cause provision of subchapter 6.500 of the Michigan Rules of Court.

*Discussion.*

"A defendant in a criminal case may move for relief from a judgment of conviction and sentence." *People v. Swain*, 288 Mich. App. 609, 629 (2010), citing MCR 6.502(A). "such motions are governed by MCR 6.500 *et seq.*" *Id.* "A defendant has the burden to establish entitlement to relief." *Id.* Under MCR 6.508(D)(3), relief is not available if the defendant's motion:

> Alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
>
> (i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;
>
> (ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceeding was such that it renders the plea an

2

involuntary one to a degree that it would be manifestly unjest to allow the conviction to stand;

(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;

(iv) in the case of a challenge to the sentence, the sentence is invcalid.

The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.

Here, Defendant-Appellant alleged a ground for relief that could have been raised in his prior appeal of his conviction and sentence: the failure to honor the terms of the preliminary sentencing assessment made by the Court pursuant to *People v. Cobbs*. Defendant-Appellant's burden was to demonstrate (1) good cause and (2) actual prejudice to be entitled to relief. MCR 6.508(D)(3)(a)-(b).

*Good Cause.*

Defendant-Appellant's prior appointed appellate counsel declined to file motions either to correct Defendant's sentence or seeking to withdraw Defendant-Appellant's pleas, opining in a motion to withdraw from representation that Defendant-Appellant's case did not present any "issues of legal merit." **Exhibit 5**, *Motion To Withdraw As Appointed Appellate Attorney And To Vacate Order Of Appointment*, at ¶ 18. Counsel was incorrect.

A plea hearing was conducted by the Court on July 18, 2005. Defendant-Appellant's trial counsel read into the record the terms of the plea, as well as the terms of a *Cobbs* assessment that was made by the trial court (then the Hon. John J. McDonald):

In lieu of trial, Judge, my client wishes to plead guilty, at this time, with a <u>Cobbs</u> understanding that the Court at the time of sentencing would give him 108 months – not to exceed 108 months *or the bottom of the guidelines as calculated by the Court on the day of sentencing, **whichever is lower**.*

3

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

**Exhibit 2**, Plea Tr. 071805, at pp., 3 – 4. Plainly, it was the understanding of Defendant-Defendant and the Court that the minimum sentence to be imposed would not be greater than 108 months.

Defendant-Appellant was sentenced on August 22, 2005. The guidelines as then calculated called for a minimum sentence within the range of 135 to 450 months. **Exhibit 3**, *Sentencing Information Report,* 082205. For reasons unknown, Defendant-Appellant's trial counsel made the following representation to the Court at sentencing: "Reminding the Court that the <u>Cobbs</u> agreement was at the bottom of the guidelines." **Exhibit 4**, Sent. Tr. 082205 at p. 7. That is not an accurate recitation of the assessment that was placed on the record at the time of Defendant's plea. The Court then imposed a minimum sentence of 135 months. **Exhibit 4**, at p. 8; **Exhibit 1**, *Amended Judgment Of Sentence*, 091505.

On March 10, 2006, the trial court appointed appellate counsel for Defendant-Appellant upon Defendant-Appellant's timely filing of his *Request For Appointment Of Attorney And Affidavit Of Indigency.* As recited above, appointed appellate counsel moved to withdraw from representation upon his determination that Defendant-Appellant's case presented no issues of arguable legal merit. Therefore, no post judgment motions were filed in Defendant-Appellant's case by appointed counsel. This was ineffective assistance of appellate counsel, and worked actual prejudice upon Defendant-Appellant. The requirement of good cause "can be established by showing ineffective assistance of counsel." *People v. Swain*, 288 Mich. App. 609, 631 (2010). This ground for good cause may be applied to trial or appellate counsel. *People v. Gardiner*, 482 Mich. 41, 50, n. 11 (2008).

In the instant case then, there was (1) a *Cobbs* assessment, (2) a misstatement by counsel

4

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

at sentencing as to the substance of that assessment, (3) which misstatement was used by the trial court and Defendant-Appellant's trial counsel to justify acceptance and imposition of a sentence different from that initially forecast, and (4) no effort on the part of appellate counsel to correct the error. In response to these facts the trial court, in denying Defendant-Appellant's *Motion For Relief From Judgment*, noted merely that Defendant-Appellant and his trial counsel "discussed the possibility of withdrawing his plea and proceeding to trial." **Exhibit 1**. The fact that such may have been discussed with counsel is not equivalent to Defendant-Appellant being afforded **a** meaningful opportunity to seek to withdraw his plea. The denial of that opportunity should have been raised in an appropriate post judgment motion, such that the trial court is incorrect in its finding that Defendant-Appellant had failed to establish good cause. Good cause existing, the trial court should have addressed Defendant-Appellant's claim of actual prejudice, as follows.

*Actual Prejudice.*

> *Defendant-Appellant's Appellate Rights Were Forfeited By His Appellate Counsel's Failure To Preserve For Review The Court's Failure To Honor The <u>Cobbs</u> Assessment Upon Which Defendant's Plea Was Premised.*

> *A. Procedure and Procedural Default.*

Being convicted upon his pleas of nolo contendere rather than upon a jury verdict, Defendant-Appellant's appellate remedies were generally limited to the right to pursue an application for leave to appeal in the Michigan Court of Appeals. MCR 6.302(B)(5).

Issues bearing upon either the validity of a plea or the legality of a sentence cannot be preserved for review by application unless those issues are raised in post-judgment motions filed within 6 months of entry of judgment seeking either to withdraw one's plea (MCR 6.310) or to correct one's sentence (MCR 6.429). If not so preserved, a defendant can still file an application

in the Court of Appeals within 6 months of entry of judgment, but the issues presented in that

application, being unpreserved, would generally be subject to review only for "plain error."

*People v. Carines*, 460 Mich. 750, 754 (1999). MCR 7.205(F)(3)(a).1

So, in order to execute his appellate remedies it was required that Defendant-Appellant,

by and through his appointed counsel, file motions either to withdraw his plea or to correct his

sentence not later than February 22, 2006, and, if denied, file an application for leave to appeal

thereafter. If that application were denied, then Defendant would have the right to pursue a

further application in the Michigan Supreme Court. MCR 7.302(C)(2) (a). If no motions were

filed, then Defendant-Appellant's last state law remedy (short of a motion for relief from

judgment under subchapter 6.500) was the filing of an application for leave to appeal to appeal

not later than August 22, 2006. The records of this Court and the Court of Appeals show that no

such steps were taken. All of Defendant-Appellant's forms of appellate relief short of subchapter

6.500 have been lost.

As a result of the failure to pursue his appellate remedies under state law, Defendant-

Appellant is also procedurally defaulted from pursuing habeas relief under 28 U.S.C. §

2254(d)(1)-(2). The burden of establishing exhaustion of state law remedies with respect to a

habeas claims is always the petitioner's. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Defendant-Appellant cannot meet that burden. Seeking review in the highest state court is a

necessary element of exhaustion, even if review there is discretionary. *O'Sullivan v. Boerckel*,

526 U.S. 838 (1999).

---

1 At the time of entry of the *Judgment* and during the period of prior appointed appellate counsel's responsibility, MCR 7.205(F) provided for a 12-month horizon for the filing of an application for leave to appeal. By way an amendment approved in June 2011 the Michigan Supreme Court amended MCR 7.205(F) to reduce "the late appeal period from 12 months to 6 months." *Staff Comment to June, 2011 Amendment*.

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

*B. Defendant-Appellant's Substantive Appellate Claim; People v. Cobbs.*

The jurisprudence surrounding the Supreme Court's decision in *People v. Cobbs*, 443 Mich. 276 (1993) is well established. The trial court at the request of a party may state on the record the sentence that the court finds to be apparently appropriate for the offense based on the facts available to the court at that time. Should the defendant chose to tender a plea in reliance on the court's preliminary view of the appropriate sentence, the court nevertheless retains jurisdiction over the actual sentence to be imposed, since additional information might cause the court to determine that the proper exercise of its discretion requires a different sentence than that preliminarily stated. *Id.*, at 283. If, at sentencing, the court determines that it will exceed its preliminary assessment, then the defendant has an absolute right to withdraw his plea. *Id.*

In Defendant-Appellant's case the record shows that his plea was tendered to the trial court on the basis of Judge McDonald's assessment under *Cobbs* that that Defendant's sentence was "not to exceed 108 months *or the bottom of the guidelines as calculated by the Court on the day of sentencing, whichever is lower.*" Plea Tr. 071805, at pp., 3 – 4. There are no caveats or distinctions to be found in the record which may enable the state to now argue that it was anything other than the understanding of the court that 108 months was the maximum minimum sentence that would be imposed upon Defendant-Appellant. The state raised no objection to this assessment. The record shows no sentencing bargain between the state and the Defendant-Appellant pursuant to *People v. Killibrew*, 416 Mich. 189 (1982). *Cobbs* controls.

And *Cobbs* says that if the sentencing court decides, for whatever reason, that it will not abide by the terms of its initial assessment, then the defendant must be given the opportunity to withdraw his plea after the court informs the defendant that it will not abide by the sentence first

7

announced. *People v. Williams (Avana)*, 464 Mich. 174, 179-180 (2001). The record of the sentencing proceeding in Defendant-Appellant's case shows that (*x*) the court determined to exceed its initial assessment (sentencing Defendant-Appellant to the guidelines minimum of 135 months rather than 108 months), and (*y*) that the court did not advise Defendant-Appellant of his absolute right to withdraw his plea in light of that decision.

It follows that the record in Defendant-Appellant's case did not (and does not), as stated by prior appellate counsel present an absence of "issues of legal merit," just the opposite. Defendant had the absolute right to withdraw his plea, and was denied that opportunity.2  A motion to correct sentence was available and meritorious. A motion to withdraw plea was available and meritorious. If denied, applications for leave to appeal were available. If denied, a petition for the writ of habeas corpus was available. Defendant-Appellant was denied his right to avail himself of his meritorious claim by way of any of these procedures.

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

---

2  The record of Defendant's sentencing suggests not so much that Judge McDonald refused to honor his *Cobbs* assessment, but that Defendant's trial court counsel failed to accurately advise the court of the parameters of the assessment.

8

**RELIEF REQUESTED**

Defendant-Appellant prays that the Court will grant this *Application For Leave To Appeal*, for all the reasons stated, and permit this matter to proceed as though an appeal of right, in accordance with MCR 7.205(D)(3).


Respectfully submitted,


s/Paul M. Newcomer

Paul M. Newcomer (P44501)
Attorney for Defendant-Appellant
2609 Crooks Road
Suite 106
Troy, MI 48084


Dated: January 29, 2015

RECEIVED by Michigan Court of Appeals 1/29/2015 4:49:27 PM

9

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 15-11820 | **Judge:** John Corbett O'Meara | **Magistrate Judge:** R. Steven Whalen |

| **Name of 1st Listed Plaintiff/Petitioner:** | **Name of 1st Listed Defendant/Respondent:** |
|---|---|
| NILE LYNDON GUTHRIE | DAVID S. NEWMAN, ET AL |

| **Inmate Number:** 294604 | **Additional Information:** |
|---|---|

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Ojibway Correctional Facility

N5705 Ojibway Road
Marenisco, MI 49947-9771
GOGEBIC COUNTY

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   Yes      ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   Yes      ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____